James KELLER, a minor by Richard Keller, his next friend, plaintiff,

v.

John FOCHS, Individually and as Superintendent of Schools and Secretary of of the Wauwatosa Board of Education, et al.

No. 70–C–609.

United States District Court, E. D. Wisconsin. Nov. 27, 1974.

Sydney M. Eisenberg, Milwaukee, Wis., for plaintiff.

Richard S. Gibbs, Gibbs, Roper & Fifield, Francis X. Krembs, James R. Gass, Kasdorf, Henderson, Dall, Lewis & Swietlik, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

WARREN, District Judge.

Plaintiff commenced this action challenging his expulsion from the Wauwatosa school system by the filing of a civ-

il complaint on October 26, 1970. The complaint seeks damages and injunctive relief for alleged violations of plaintiff's due process rights by defendants. Plaintiff's causes of action are grounded upon 42 U.S.C. §§ 1983 and 1985, and the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. The matter is presently before the Court on motion of the defendant members of the Wauwatosa Board of Education for summary judgment, in which motion defendants Snow and Haufschild have concurred, and to which motion plaintiff has entered opposition.

The facts pertinent and necessary to a resolution of the due process issue are undisputed. On May 22, 1970, plaintiff James Keller was suspended from Longfellow Junior High School in Wauwatosa, Wisconsin, by defendant James E. Snow, principal of Longfellow Junior High. Plaintiff's parents, Mr. and Mrs. Richard Keller, were notified of such suspension by a letter of the same date signed by Mr. Snow, which recited the grounds therefor as follows:

"I have been informed by teachers and by my assistant principal that your son, James, continues to conduct himself in an irresponsible and disruptive manner at this school and that he continues to be defiant of reasonable requests and demands made by teachers. Throughout the entire school year thus far James' attitude and conduct have done much to create trouble far beyond that usually created by a single student. His continued contempt for reasonable authority is evident in some way almost every day . . . .

"On three occasions within the past few weeks James has been deliberately defiant of reasonable requests by teachers and in connection with one of these incidents, James used profanity in a loud manner. One of these incidents involving refusal occurred only yesterday, May 21."

In addition, the letter informed the Kellers that Mr. Snow would recommend plaintiff's expulsion from the Wauwatosa school system for the remainder of the 1970 school year to the Wauwatosa Board of Education.

On June 2, 1970, plaintiff's parents were informed by letter from Mr. K. L. Christensen, Assistant Superintendent of Schools for the City of Wauwatosa, that a hearing would be held by the Wauwatosa Board of Education at 8:45 P.M. the following evening regarding plaintiff's expulsion from the Wauwatosa school system "for reasons as outlined in a letter forwarded to you on May 22, by Mr. James Snow." No further mention or specification of charges was made.

Plaintiff and his parents appeared at the June 3 hearing without representation by legal counsel. The hearing was presided over by Warren E. Buesing, President of the Wauwatosa Board of Education, who explained at the outset that the hearing would be conducted in an informal fashion and that its purpose was to inquire into the charges made by various members of the staff and faculty of Longfellow Junior High School that plaintiff had persistently refused to comply with reasonable requests and demands made by his teachers and had pursued an irresponsible and disruptive course of conduct. Mr. Buesing further explained to plaintiff and his parents that they possessed the right to question anyone present and to make statements and comments with reference to any charges made against the plaintiff. Thereafter, defendant Snow and Mr. John Avery, vice principal of Longfellow Junior High School, were asked to relate in detail the activities, behavior, and conduct of plaintiff while a student at Longfellow Junior High which formed the basis for Mr. Snow's May 22 letter to Mr. and Mrs. Keller. In response, Mr. Avery related a series of some 28 specific incidents of misbehavior dating from April 1, 1968 through May 22, 1970, covering plaintiff's conduct in the seventh through ninth grades. These incidents had been compiled by Mr. Avery in a confidential report dated March 20, 1970, which found its source in the

memory of Mr. Avery as well as the card file retained by the school concerning the plaintiff. In addition, Mr. Avery related some 12 other specific incidents as recounted in a document entitled "Anecdotal Record Since April 6, 1970," prepared by Mr. R. Geracie, a physical education instructor at Longfellow. Plaintiff did not receive a copy of either of these compilations prior to the hearing. Plaintiff did, however, offer periodic comment on the incidents recited and admitted his involvement with respect to several of them. The hearing extended over one hour, and the matter was taken under advisement. On June 4, 1970, the Board of Education adopted a resolution expelling plaintiff from attendance in the Wauwatosa public schools for the remainer of the 1969–70 school year and for the first semester of the 1970–71 school year.

In their motion for summary judgment, defendants argue that the procedures utilized by the Wauwatosa Board of Education in the instant case were not violative of plaintiff's due process rights in that they were fundamentally fair and that there remains no substantial question of fact on the issue of damages. Plaintiff, on the other hand, counters that the notice of the Board of Education hearing was insufficient in that it did not set forth with any degree of specificity the charges against him; that the notice was not given sufficiently in advance of the hearing; that the names of the witnesses against him and the evidence which each would give were not disclosed; and that plaintiff was not informed of his right to be represented by legal counsel, all in violation of his constitutional due process rights. Furthermore, he claims the existence of a substantial question of fact as to the damages sustained. In view of the nature of plaintiff's submission in opposition to defendants' motion for summary judgment, the Court will treat it as a cross-motion for summary judgment on the issue of the existence of a violation of plaintiff's due process rights.

In support of his allegation that the procedures utilized by the defendants herein violated due process, plaintiff relies on the decision of the Fifth Circuit Court of Appeals in Dixon v. Alabama State Board of Education, 294 F.2d 150, 158–159 (5th Cir., 1961), wherein certain due process standards were promulgated for use in student explusion proceedings:

"... The notice should contain a statement of the specific charges and grounds which, if proven, would justify expulsion under the regulations of the Board of Education. The nature of the hearing should vary depending upon the circumstances of the particular case. ... By its nature, a charge of misconduct, as opposed to a failure to meet the scholastic standards of the college, depends upon a collection of the facts concerning the charged misconduct, easily colored by the point of view of the witnesses. In such circumstances, a hearing ... is best suited to protect the rights of all involved. This is not to imply that a full-dress judicial hearing, with the right to cross-examine witnesses, is required. ... Nevertheless, the rudiments of an adversary proceeding may be preserved without encroaching upon the interests of the college. In the instant case, the student should be given the names of the witnesses against him and an oral or written report on the facts to which each witness testifies. He should also be given the opportunity to present to the Board, ... his own defense against the charges and to produce either oral testimony or written affidavits of witnesses in his behalf. ..."

While it is generally acknowledged that the *Dixon* decision constitutes the leading authority in the area of student expulsion, it has also been repeatedly recognized that the broad standards of *Dixon* are not "wooden absolutes" but may be qualified depending upon the parties, the subject matter, and the cir-

cumstances involved. Ferguson v. Thomas, 430 F.2d 852, 856 (5th Cir., 1970); Press v. Pasadena Independent School District, 326 F.Supp. 550, 562 (S.D.Tex., 1971). Thus, courts have embellished upon the standards [1] or detracted from them as is deemed appropriate. One of those courts, which has seen fit *not* to accord students confronted with expulsion the full breadth of due process rights as promulgated in *Dixon* is the Seventh Circuit Court of Appeals.

█ In the case of Linwood v. Board of Ed., City of Peoria, Sch. Dist. No. 150, Ill., 463 F.2d 763 (7th Cir., 1972), plaintiff-appellant, a fifteen-year-old high school student, was expelled on a charge of gross disobedience and misconduct for having struck other students in the halls of the school. Ruling on the alleged due process violations, the Court specifically concluded that a student facing expulsion proceedings need not be furnished with the names and addresses of witnesses who were to testify nor the testimony each would provide:

"  . . . The type of administrative hearing here involved need not take the form of a judicial or quasi-judicial trial. Due process in the context here involved is not to be equated, as appellant urges, with that essential to a criminal trial or a juvenile court delinquency proceeding. Cf . . . Dixon v. Alabama State Board of Education, 5 Cir., 294 F.2d 150. Thus, we reject appellant's argument that he was entitled to a public hearing; appointment of counsel at public expense; process to compel the attendance of witnesses; proof of the charges beyond a reasonable doubt; and a unanimous decision. *Nor*, as he additionally urges, *was he entitled to a hearing under procedures which include rules providing that the student is to be furnished within a reasonable time prior to the hearing with a list of the names and addresses of the witnesses who are to testify, and information with respect to the testimony each will give; . . .*" *Linwood, supra* at 770 (emphasis added).

The Court therefore finds that plaintiff's claim that the defendants' failure to provide him with the names of the witnesses against him and the testimony each would provide violated his due process rights is without merit. As to the issue of timely and adequate notice, however, plaintiff's contention is well taken.

█ Nothing stated in the *Linwood* decision abrogates the standard that a student facing expulsion is entitled to timely and adequate notice of the charges against him so as to allow him a meaningful opportunity to be heard. Even in that situation wherein a student unequivocally admits the conduct charged at an expulsion hearing, and procedural protections thus serve a more limited function in terms of insuring a fair and reliable determination of the retrospective factual question of guilt of the conduct charged, the Seventh Circuit Court of Appeals will look to the existence of adequate notice of the charges and sufficient opportunity to prepare for the hearing on review of alleged due process violations. Betts v. Board of Education of City of Chicago, 466 F.2d 629, 633 (7th Cir., 1972). After examining the June 2 notice forwarded to Mr. and Mrs. Keller by Mr. Christensen, the May 22 letter of Mr. Snow, and the detailed compilations of misconduct presented against plaintiff at the hearing before the Wauwatosa Board of Education, the Court concludes that plaintiff was not adequately informed of the charges against him.

[1]. See, e. g., Givens v. Poe, 346 F.Supp. 202, 209 (W.D.N.C., 1972) (expulsion requires hearing by an impartial tribunal, right to examine exhibits and other evidence against the student, right to be represented by counsel, right to make a record of the proceedings) and Vail v. Board of Education of Portsmouth School District, 354 F.Supp. 592, 603 (D.N.H., 1973) (notice requirements and opportunity to be heard in situation involving high school student extend to one of student's parents or his guardian as well as to student).

In the *Linwood* case, written notice was provided to appellant's mother which advised her of the hearing before the Board of Education and which "advised her that appellant was charged with gross disobedience and misconduct *for allegedly attacking and striking other students in the halls of the school on September 10, 1970;* . . ." *Linwood, supra, 463* F.2d at 765 (emphasis added). The charge was thus made specific as to which conduct was its subject and which conduct required explanation by appellant at the board hearing. See also, Lowery v. Adams, 344 F.Supp. 446, 451–452 (W.D.Ky., 1972) and Stricklin v. Regents of University of Wisconsin, 297 F.Supp. 416, 418 (W.D.Wis., 1969). In the instant case, the June 2 notice to Mr. and Mrs. Keller, even when considered together with the May 22 letter written by Mr. Snow, fails to meet this standard. Such statements as "your son . . . continues to conduct himself in an irresponsible and disruptive manner" and "he has been deliberately defiant of reasonable requests by teachers," "on three occasions within the past few weeks," without more in terms of approximate dates and at least some recitation of detail significant enough to identify the conduct to the plaintiff, do not comport with the due process requirement of adequate notice of the charges. Nor have defendants presented any evidence to the effect that plaintiff was informed, otherwise than by the letters heretofore discussed, of which conduct would be the subject of the board hearing. For this reason, the Court concludes that plaintiff's due process rights were violated. Having done so, there is no need to consider the timeliness of the notice or plaintiff's right to legal counsel at the board hearing. The lack of adequate notice necessarily affects plaintiff's ability to prepare his defense and thus the meaningfulness of his opportunity to be heard.

As to the matter of damages, the Court finds that there exists a substantial question of fact as regards in what manner and to what extent plaintiff was damaged by the failure of the defendants to give adequate notice.

On the basis of the foregoing, now therefore,

It is ordered that the motion for summary judgment filed by defendants be and hereby is denied.

It is further ordered that summary judgment be and hereby is granted in favor of the plaintiff on the issue of the existence of a violation of due process.